IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR 173 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PLEA AGREEMENT |
| ARASELI COLMENARES, and | ) | |
| COLMENARES RODRIGUEZ, INC | ) | |
| Defendants. | ) | |

The United States of America and Defendant, ARASELI COLMENARES, both individually and as representative for COLMENARES RODRIGUEZ, INC agrees to the following:

## NATURE OF CRIME AND PENALTIES

1. The Defendant will waive indictment by a grand jury and plead guilty to Count I, II & III of an Information. Counts I & II charges a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) by the Defendants. The Defendants understands that by entering this plea of guilty as to Count I & II, the Defendant individually, is exposed to imprisonment of not more than 5 years and a term of supervised release of not more than three years. Additionally both defendants are subject to a fine of $250,000.00. and a $100 special assessment. Count III is a forfeiture count for $59,784.00 in United States currency. The Defendants understands that by entering this plea of guilty as to Count III, the Defendants forfeits to the United States any and all interest the Defendant has in $59,784.00 in United States currency.

2. In exchange for the Defendants' plea of guilty as indicated above, the United States agrees as follows:

    a. If the Defendant Araseli Colmenares is found to be entitled to an offense level

reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

 b. The United States will move to dismiss the Indictment 8:08CR:151 at the time of sentencing.

## COOPERATION PROVISIONS

3. Cooperation by the Defendants with the United States is not anticipated by this agreement, and the Defendants understands that a different document would have to be signed should both parties desire the Defendants to cooperate in the future.

## BREACH OF AGREEMENT

4. Should it be concluded by the United States that the Defendants has violated this plea agreement, the Defendants understands and agrees the Defendant shall then be subject to prosecution for any federal, state, or local criminal violation and any crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the Defendants.

5. In the event the Defendants violates any term or condition of this agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty.

## SENTENCING ISSUES

6. Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

 a. The parties agree that the Defendant Araseli Colmeanres is not subject to either upward or downward adjustment in offense level for role in the offense, pursuant

    to U.S.S.G. §§ 3B1.1 and 3B1.2.

  b. The United States agrees that it will not seek a fine as part of the disposition of this matter.

  c. The parties have no agreement concerning the Defendant's Criminal History Category. This issue remains to be resolved at sentencing.

### SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

7. This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

8. By signing this agreement, the Defendants agrees that the time between the date the Defendants signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendants stipulates that such period of delay is necessary in order for the Defendants to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

9. The Defendants agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

10. The United States may use against the Defendants any disclosure(s) the Defendants have made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy,

including but not limited to remedies regarding asset forfeiture and/or taxation.

11. Pursuant to 18 U.S.C. § 3013, the Defendants will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendants will make this payment at or before the time of sentencing.

12. By signing this agreement, the Defendants waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendants may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

13. The Defendants hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The Defendants further knowingly and expressly waives any and all rights to contest the Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendants enters the guilty plea contemplated by this plea agreement.

14. This agreement ends all plea discussions. No promises, agreements or conditions have

been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

15.     This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA

JOE W. STECHER
United States Attorney

_5/20/09_
Date

FREDERICK D. FRANKLIN
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

_5-19-09_
Date

ARASELI COLMENARES (Individually)
DEFENDANT

_5-19-09_
Date

ARASELI COLMENARES (As Representative
For Colmenares Rodriguez, Inc.)

_____
Date

THOMAS MONAGHAN
ATTORNEY FOR DEFENDANT) Corporation

Attorney for Defendant & Corporati—

Rev. 7/2008